ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| **CINTHIA PÉREZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO CVR ASSOCIATES, INC. Sr. JOHN SINKOVITS, Supervisor de Elegibilidad, ERA PUERTO RICO, JADYRA VILLACIS, QC & PAYMENTS MANAGER PROGRAMA DE ASISTENCIA PARA EL PAGO DE RENTAS DE PR**<br><br>Recurridos | TA2025AP00345 | **APELACION** acogida como **REVISIÓN** procedente del **Departamento de la Vivienda Programa de Asistencia para el Pago de Rentas de PR** |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece ante nos la señora Cinthia Pérez (Sra. Pérez o parte recurrente) mediante una *Demanda por derecho propio*[1] en la que nos solicita que declaremos nula la determinación emitida por el Programa de Asistencia para el Pago de Rentas (Programa de Asistencia o parte recurrida) de Puerto Rico el 7 de julio de 2025.[2] Por medio de dicha decisión, la parte recurrida determinó que no volvería a revisar el caso de la Sra. Pérez por haber agotado el número máximo de "apelaciones" posibles.[3]

---

[1] Sistema Unificado de Manejo y Administración del Tribunal de Apelaciones (SUMAC TA), Entrada Núm. 3. Mediante la *Resolución* emitida el 19 de septiembre de 2025, acogimos la demanda como un recurso de revisión judicial.
[2] *Íd.*, Entrada Núm. 1, Anejo 7, pág. 100.
[3] A pesar de que el Programa de Asistencia utilizó el término "apelación", ciertamente lo sometido por la Sra. Pérez consistió en una serie de solicitudes por correo electrónico para que le revisaran su aplicación con el propósito de recibir ayuda económica de dicho programa. Por ende, en adelante, sustituiremos el uso de la palabra "apelación" por "solicitud de revisión".

Por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

**I.**

El caso de marras tiene su génesis el 16 de abril de 2024 cuando la Sra. Pérez presentó una aplicación a través del portal del Programa de Asistencia adscrito al Departamento de la Vivienda de Puerto Rico.[4] Este programa tenía como propósito brindar asistencia para el pago de alquiler ante la emergencia del COVID.

El 30 de abril de 2024, el Programa de Asistencia cursó un correo electrónico a la Sra. Pérez donde indicó que su aplicación fue seleccionada al azar para evaluar si cualificaba para recibir la ayuda de alquiler.[5] De igual modo, le compartió un enlace con los documentos requeridos para el proceso de elegibilidad y expresó que:

> **Todos los documentos deben enviarse dentro de los 3 días calendario posteriores a la fecha de la solicitud.** Su solicitud se marcará como inactiva y la revisión de elegibilidad se detendrá si la documentación no se recibe a tiempo. El proceso de elegibilidad comenzará de nuevo una vez que se reciban los documentos.[6]

(Énfasis suplido en el original).

Posteriormente, el 26 de agosto de 2024, el Programa de Asistencia cursó otro correo electrónico a la Sra. Pérez en el que expuso haber intentado comunicarse con ella para obtener información adicional necesaria para establecer su elegibilidad, más no la había recibido.[7] Por tal razón, notificó la desactivación de su aplicación y del detenimiento del proceso de elegibilidad. Sin embargo, el Programa de Asistencia expresó que si la Sra. Pérez deseaba proporcionar los documentos, debía iniciar nuevamente la sesión de su cuenta en el portal y pulsar el botón de "Agregar

---

[4] SUMAC TA, Anejo 3, págs. 2-3; véase además, Programa de Asistencia de Renta, http://covidrenta.org/.
[5] SUMAC TA, Anejo 3, pág. 4.
[6] *Íd.*
[7] *Íd.*, Anejo 4, pág. 22-B.

Documentos" para proporcionar la información pendiente y, de esta forma, se le reactivaría la aplicación.

Por su parte, el 26 de agosto de 2024, la Sra. Pérez contestó no haber recibido mensajes de requerimiento de documentos.[8] De igual modo, arguyó haberle explicado a una representante que atendió su caso, que la cuantía reflejada en una evidencia de pago que entregó el arrendador no necesariamente correspondía al canon de renta de $950.00 que ella pagaba al mes. Lo anterior, pues parte de los pagos que ella realizó fue en efectivo.

El 12 de diciembre 2024, la Sra. Pérez sometió, mediante correo electrónico, una solicitud de revisión al Departamento de la Vivienda.[9] En la misma sostuvo que el propietario del apartamento y ella sometieron la evidencia correspondiente, más la ayuda fue denegada por falta de documentos. Indicó que en un sinnúmero de veces en las que había solicitado seguimiento, los representantes de servicio expresaron la siguiente narrativa: "Debe evidencias por medio de cheques de que usted ha pagado su renta, el programa no acepta evidencia de pagos en Cash debido a que otras personas han cometido fraude por lo que se decidió que solo se estará aprobando solicitudes de personas que puedan evidenciar sus pagos a trav[é]s de cuentas de bancos y/o cheques".[10] Respecto a ello, la Sra. Pérez expuso que, al solicitar información sobre los documentos requeridos del programa federal, no le proveyeron un enlace o fuente fidedigna con una exposición de motivos para dicho planteamiento. Arguyó que el dólar era tan válido y legal como el cheque, y que mostró prueba sobre el acuerdo que tenía con el propietario para realizar el pago de la renta por medio de ambos métodos; es decir, parte en cheque y otra parte en efectivo. Por todo lo anterior, suplicó

---

[8] *Íd.*, pág. 24.
[9] *Íd.*, Anejo 5, pág. 28.
[10] *Íd.*

la evaluación del caso, al amparo del Programa de Asistencia, la prueba sometida y el *American Rescue Plan Act of 2021*, Ley Púb. Núm. 117-2 del 11 de marzo de 2021 (135 Stat. 4).

Sin embargo, el 13 de diciembre de 2024, el Programa de Asistencia denegó, por medio de correo electrónico, la aplicación de la Sra. Pérez, pues con el cheque no pudo validar el monto de la renta. En particular, la cantidad del cheque era de $2,700 para los meses de septiembre, octubre, noviembre y diciembre de 2023,[11] mientras que el contrato reflejaba una suma de $950 al mes.[12] Arguyó que de la Sra. Pérez haber retirado el restante de una cuenta de banco y su arrendador depositarlo, podía enviar ambos estados de banco para validar el monto restante.

Inconforme, el 18 de diciembre de 2024, la Sra. Pérez contestó que el Programa de Asistencia no examinó el caso en sus méritos y su negligencia y reiterada respuesta sin el debido proceso de evaluación le alertaba.[13] Reiteró que, conforme a la prueba presentada, mediante cheques y recibos, constaba el pago de canon de arrendamiento. Por ende, suplicó nuevamente la revisión de su solicitud.

El 25 de agosto de 2025, el Programa de Asistencia remitió a la Sra. Pérez un correo electrónico del 10 de enero de 2025 donde le informó que no era elegible para los fondos.[14] Fundamentó su determinación en que el caso de la Sra. Pérez fue denegado el 20 de noviembre de 2024 por no haber presentado evidencia de pagos concordando con el monto de renta reportado; el 11 de diciembre de 2024, recibió su solicitud de revisión; y el 13 de diciembre de 2024,

---

[11] *Íd.*, pág. 32-B.
[12] Es decir, que si la renta mensual, según estipulada, era por la cantidad de $950, se supone que el cheque entregado reflejara esa cantidad multiplicada por esos cuatro (4) meses, totalizando a $3,800 y no $2,700.
[13] SUMAC TA, pág. 34.
[14] *Íd.*, pág. 45.

confirmó la denegatoria de su aplicación porque ella no presentó los documentos requeridos, nuevamente.

Aun así, la Sra. Pérez cursó un correo electrónico al Supervisor de Elegibilidad de CVR Associates, Inc. (CVR Associates o parte recurrida) y el Administrador del Programa de Asistencia, el señor John Sinkovits, el 7 de julio de 2025, en el que reiteró los mismos planteamientos de la solicitud de revisión.[15]

Ese mismo día, el Programa de Asistencia y CVR Associates, contestaron el mensaje de la Sra. Pérez indicando que su aplicación ya había pasado por una revisión donde se le brindó la oportunidad de entregar documentos.[16] Reiteraron que las aplicaciones tenían derecho a una solicitud de revisión de un máximo de 30 días luego de ser negada la ayuda y la Sra. Pérez había completado el número máximo de solicitudes posibles, por lo que no volverían a revisar su caso.

Insatisfecha, el 17 de septiembre de 2025, la Sra. Pérez radicó ante esta Curia una demanda por derecho propio, la que fue acogida como revisión judicial. Planteó que la decisión del Programa de Asistencia y CVR Associates del 7 de julio de 2025, fue inflexible y arbitraria. Lo anterior, pues arguyó que dicha determinación imputaba requisitos no contemplados en las disposiciones oficiales del Programa de Asistencia; rechazaron evidencia de pagos en efectivo válidamente respaldados por recibos y confirmaciones del arrendador; y cerraron toda vía de revisión futura bajo el fundamento de agotamiento de recursos internos, aun cuando persistían violaciones de debido proceso y errores de derecho manifiestos.

Por su parte, CVR Associates radicó una *Solicitud de desestimación de la revisión por falta de jurisdicción* el 20 de octubre

---

[15] *Íd.*, pág. 47.
[16] *Íd.*, Anejo 7, pág. 100.

de 2025. Suplicó la desestimación del recurso de epígrafe por falta de jurisdicción sobre la materia, la inexistencia de un caso o controversia, y por haberse radicado el recurso de marras fuera del término de 30 días, contados a partir de la notificación de la determinación recurrida.

El 27 de octubre de 2025, la Sra. Pérez presentó una *Moción en oposición a la solicitud de desestimación por falta de jurisdicción y tardanza*. Por un lado, sostuvo que CVR Associates expuso erróneamente en su solicitud de desestimación que esta Curia carecía de jurisdicción ante la ausencia de una causa de acción privada bajo la ley *Emergency Rental Assistance Program* (ERAP), cuando la controversia ante nos versaba sobre una violación al debido proceso de ley, arbitrariedad y discrimen. Por otro lado, arguyó que el escrito de revisión judicial no fue presentado tardíamente. Por tal razón, suplicó que se denegara la petición de desestimación presentada por CVR Associates, se indique que este Foro posee jurisdicción para revisar actuaciones administrativas cuando estas incurren en discrimen, arbitrariedad y deniegan el debido proceso de ley; y se ordene a la parte recurrida a evaluar su aplicación.

A pesar de haberle brindado la oportunidad de comparecer, el Departamento de la Vivienda no presentó su posición en cuanto al recurso de epígrafe.

**II.**

**A.**

Nuestro sistema jurídico define la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que poseen los tribunales para

adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, consecuentemente, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra*, pág. 500.

En el caso de los recursos de revisión judicial, nuestra jurisdicción se limita a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"* (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA 9672. Asimismo, el Artículo 4.006(c) de la *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, Ley Núm. 201 del 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y, dispone que este Tribunal debe revisar mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso". Sección 3.14 de la LPAU, *supra*, sec. 9654.

Ahora bien, la jurisdicción que poseemos para revisar decisiones administrativas está supeditada y presupone que esté involucrado algún interés propietario o libertario de la persona afectada. *Álamo Romero v. Adm. Corrección*, 175 DPR 314, 329

(2009). Una vez determinada la existencia de un interés de libertad o propiedad, entonces procede dilucidar cuál es el proceso que debió seguirse. *Álamo Romero v. Adm. Corrección, supra,* págs. 329-330. Es decir, los tribunales carecemos de autoridad para expresarnos respecto a controversias hipotéticas ni sobre asuntos cuya resolución no incidiría sobre un interés concreto ni podría remediar alguna daño claro y palpable. *Hernández Torres v. Hernández Colón,* 131 DPR 593 (1992); *Álamo Romero v. Adm. Corrección, supra,* pág. 329.

**III.**

En el presente caso, de lo planteado por la Sra. Pérez ciertamente surge que no estamos ante un asunto justiciable sobre el cual podamos ejercer nuestra jurisdicción. Específicamente, no estamos ante una determinación administrativa revisable, pues la Sra. Pérez no solicitó la evaluación de una decisión que incidiera sobre un interés propietario o libertario suyo. Consecuentemente, no hay nada en el expediente que active la LPAU, *supra,* ni el *Reglamento sobre procedimientos adjudicativos formales del Departamento de la Vivienda y sus agencias adscritas,* Reglamento Núm. 9618, Departamento de la Vivienda, 21 de noviembre de 2024.

Tal como pormenorizamos anteriormente, ante un planteamiento de violación al debido proceso de ley, se exige que primero se cumpla con el requisito de la existencia de un interés libertario o propietario afectado. De existir el mismo, entonces se activan las garantías mínimas del debido proceso de ley en la vertiente procesal y procede evaluar si se cumplió con el procedimiento establecido. Este caso, no obstante, carece de la existencia de un interés libertario o propietario de la Sra. Pérez afectado por el Estado.

Como parte del proceso de elegibilidad para recibir ayuda económica del Programa de Asistencia, la Sra. Pérez tenía que

entregar prueba del canon de renta mensual por la cantidad de $950.[17] Para ello, sometió recibos por los pagos realizados en efectivo, al igual que cheques.[18] Sin embargo, el Programa de Asistencia le indicó reiteradamente a la Sra. Pérez que no podía aceptar recibos, pues se podían utilizar para llevar a cabo fraude.[19] En cambio, el Programa de Asistencia requirió prueba de cheque y/o del retiro de la cuenta de banco.

A pesar de lo anterior, la Sra. Pérez no entregó los documentos requeridos por lo que desactivaron la cuenta brindándole, aun así, la opción de subir los documentos cuando decidiera hacerlo, más no lo hizo. Por el contrario, la Sra. Pérez cursó al Departamento de la Vivienda, por conducto del Programa de Asistencia, un correo electrónico con una solicitud de revisión. En consecuencia, el Programa de Asistencia denegó la aplicación de la Sra. Pérez. Ante ello, esta última continuó remitiendo mensajes de inconformidad, respecto a lo que el Programa de Asistencia expuso que había excedido la cantidad máxima de solicitudes; y determinó que la Sra. Pérez no era elegible para recibir las ayudas económicas para el pago de renta.

A la luz de todo lo anterior, este caso carece de un interés propietario o libertario que active las garantías del debido proceso de ley y las disposiciones de LPAU. No existe ante nos una determinación administrativa regulada por la LPAU ni por el Reglamento Núm. 9618, *supra*, pág. 18, donde se dispone que este reglamento no aplica a procedimientos informales no cuasi judicial tales como las ayudas económicas.

---

[17] *Íd.*, Anejo 4, pág. 24; *Íd.*, Anejo 5, págs. 28, 32-B.
[18] *Íd.*, Anejo 7, págs. 95-96.
[19] *Íd.*, Anejo 5, págs. 28, 32-B.

## IV.

Por los fundamentos antes expuestos, se declara Ha Lugar la *Solicitud de desestimación de la revisión por falta de jurisdicción* presentada por CVR Associates y, consecuentemente, se desestima el recurso de epígrafe por ausencia de jurisdicción para considerar el mismo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Rivera Marchand concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones